UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY C., | ) |
| Plaintiff, | ) CASE NO. C20-5322-MAT |
| | ) |
| v. | ) |
| | ) ORDER RE: SOCIAL SECURITY |
| COMMISSIONER OF SOCIAL SECURITY, | ) DISABILITY APPEAL |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1970.[1] She has more than four years of college education but no degree, and previously worked as a technology interface specialist,

---
[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

phlebotomist, cashier, and telemarketer. (AR 445, 667-71, 683.)

Plaintiff applied for DIB and SSI in November 2016. (AR 640-53.) Those applications were denied and Plaintiff timely requested a hearing. (AR 552-71, 573-80.)

In September 2018, ALJ Joanne Dantonio held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 434-87.) On January 20, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 295-309.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in February 2020 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. (AR 297.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's lumbar degenerative disc disease, thoracic degenerative disc disease with scoliosis, cervical degenerative disc disease status post anterior cervical discectomy and fusion, fibromyalgia, post-traumatic stress disorder (PTSD), generalized anxiety disorder, major depressive disorder, and panic disorder. (AR 297-98.) Step three

asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 298-301.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: she can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, stoop, kneel, crouch, and balance. She cannot crawl. She can have no more than occasional exposure to pulmonary irritants or to hazards, such as unprotected heights and dangerous machinery. She can perform simple, routine tasks with short, simple instructions. She should have no more than incidental contact with the public. She can have occasional contact with co-workers that does not require teamwork, and occasional contact with supervisors. She can have no more than occasional changes to work tasks. (AR 301.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 307.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as inspector, hand packager; garment folder; and mailroom clerk. (AR 308-09.)

This Court's review of the ALJ's decision is limited to whether the decision is in

accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting her subjective symptom testimony, and in assessing opinions of examining psychologists. Plaintiff also contends that evidence submitted to the Appeals Council undermines the ALJ's decision and requires remand.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, the Appeals Council evidence notwithstanding.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's allegations because (1) her physical conditions were treated conservatively and objective functional testing was largely normal, (2) her mental health treatment notes contain many normal and stable findings, and (3) her physical and mental activities contradict her allegations of disabling physical and mental limitations. (AR 302-04.) Plaintiff argues that the ALJ failed to provide clear and convincing reasons, as required in the Ninth Circuit, to discount her allegations of mental limitations. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

---

[2] Because, as explained *infra*, the Court finds that this matter must be remanded on other grounds, the Court need not address whether the Appeals Council evidence provides another basis for remand. The ALJ will have the opportunity to consider the updated medical record on remand.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -4

As an initial matter, the Court notes that Plaintiff does not challenge the ALJ's findings pertaining to Plaintiff's physical conditions and allegations of physical limitations. *See* Dkt. 22 at 16. But Plaintiff challenges the ALJ's reasoning with respect to *physical* activities, arguing that those activities do not undermine her alleged *mental* limitations, which misses the ALJ's point: the ALJ contrasted certain physical activities with Plaintiff's physical allegations, and found them to be inconsistent. (AR 303.) Plaintiff has apparently abandoned her allegations of physical limitations in this litigation, but she alleged physical limitations to the ALJ and has not shown that the ALJ erred in finding her physical allegations inconsistent with her physical activities.

Plaintiff goes on to challenge the ALJ's finding that her mental health treatment notes undermine her allegations. Dkt. 22 at 16. According to Plaintiff, her therapy notes demonstrate waxing and waning of mental symptoms, with no sustained improvement over time. *Id*. The Court agrees with this characterization of the mental health treatment notes. (*See, e.g.,* AR 1073-80 (therapist opines that Plaintiff's depression is worse in June 2018 than it has been for past six months and she needs new treatment goals to reflect her worsening depression), 1088-89 (January 2018: Plaintiff "struggl[ing] to function in the day emotionally"), 1102 (Plaintiff handling her stresses better at the end of June 2018 than she was earlier in the month), 1107 (Plaintiff's symptoms increased in June 2018 due to homelessness and separation from her mother), 1119 (April 2018: Plaintiff's "anxiety has been on constant and high"), 1124 (March 2018: Plaintiff has stability in her living situation and is ready for her next phase of recovery), 1126 (March 2018: Plaintiff has high anxiety, but is nonetheless able to take care of herself), 1134 (January 2018: Plaintiff has made progress),

1140 (January 2018: "[Plaintiff] has made progress in therapy but it gets covered up by her current stress of court and chronic PTSD. [Plaintiff] needs to spend more time in session dealing with emotional pain healing to sleep."), 1143 (December 2017: Plaintiff is "making progress in her recovery"), 1158 (October 2017: Plaintiff is "doing well with music to assist her anxiety and self-reassuring talk"), 1175 (July 2017: Plaintiff had been making "significant progress" with treatment until her living situation changed), 1185 (June 2017: Plaintiff's symptoms have worsened), 1197 (April 2017: Plaintiff has experienced positive response to medication change), 1211 (January 2018: Plaintiff's "[c]ondition not much changed. Remains anxious and somewhat depressed despite the three meds she takes"), 1224 (May 2017: Plaintiff's mood is better and she is "doing better" overall).) Although the ALJ isolated findings of Plaintiff's good/normal insight, judgment, or thought content in the treatment notes (AR 303), the substance of the treatment notes themselves do not suggest that Plaintiff's symptoms had improved and do not contradict Plaintiff's allegations of disabling mental limitations. The ALJ erred in ignoring the full context of Plaintiff's mental health treatment notes. *See, e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

        The ALJ also erred in finding that Plaintiff's mental activities contradicted her alleged mental limitations because most of the activities listed either do not contradict Plaintiff's allegations or the evidence shows that Plaintiff's ability to participate in those activities was

significantly compromised by her mental health impairments. The ALJ contrasted Plaintiff's allegation that her mental conditions limit her ability to concentrate, go out in public, and be around others with evidence that she was able to care for her mother, support her daughter through divorce proceedings, drive, use public transportation, manage/consent to her own medical care, take medication, live alone and live with others, understand treatment recommendations, participate in therapy, shop, prepare meals, relieve anxiety through walking and music, maintain family relationships, plan for family events such as weddings, use her phone, advocate for herself, and ask for resources such as housing and a therapy dog. (AR 303.) Some of these activities — such as managing her medical care, taking medication, understanding treatment and participating in therapy, preparing meals, relieving anxiety through walking and music, using her phone, advocating for herself, and asking for resources — do not contradict Plaintiff's allegations.

Furthermore, Plaintiff reported significant difficulty handling many of the other activities, particularly caring for her mother, supporting her daughter through divorce proceedings, maintaining family relationships and planning family events, and going out in public. (*See, e.g.*, AR 1087 (divorce court proceedings stressful and stalling Plaintiff's treatment progress), 1118-20 (Plaintiff anxious about her son's wedding and he is no longer speaking to her), 1129 (Plaintiff reports tension in relationship with her mother), 1135-36 (Plaintiff experiences panic in public), 1138 (Plaintiff reports problems in her relationship with her mother), 1149 (same), 1151-52 (same), 1154 (same), 1157-58 (Plaintiff has avoided going out in public alone), 1159 (Plaintiff had panic attack when leaving home to walk to the store), 1166 (Plaintiff crying throughout therapy session due to stress in supporting family

member through divorce proceedings), 1180-81 (Plaintiff reported having a disagreement with daughter and now has no access to her granddaughter, and was too upset to participate in a treatment review), 1182-83 (Plaintiff crying and upset about anger at her stepfather and concern about her mother), 1184-85 (Plaintiff's panic increasing due to conflicts with mother and daughter), 1186-87 (Plaintiff tearful due to conflict with daughter), 1198-99 (Plaintiff describing PTSD triggers from her mother and stepfather), 1221 (Plaintiff describing a falling out with her daughter).) The ALJ's description of Plaintiff's activities overstates the extent of her capabilities and does not accurately reflect the entire record. Accordingly, this lien of reasoning is not a convincing reason to discount Plaintiff's allegations.

Because the ALJ failed to provide legally sufficient reasons to discount Plaintiff's mental allegations, the ALJ must reconsider Plaintiff's mental allegations on remand and either credit them or provide legally sufficient reasons to discount them.[3]

## Medical opinion evidence

Plaintiff challenges the ALJ's assessment of DSHS form opinions completed by Shawn Kenderdine, Ph.D., and Terilee Wingate, Ph.D. (*See* AR 863-67, 1061-69.) The ALJ summarized these opinions and explained that she gave little weight to them, in part because she found them to be inconsistent with the litany of activities described *supra*. (AR 306.) Because, as explained *supra*, the ALJ mischaracterized the record as to Plaintiff's ability to

---

[3] Although Plaintiff requests a remand for a finding of disability (Dkt. 22 at 17), Plaintiff has not shown that this extraordinary remedy is warranted. Because Plaintiff does not challenge the ALJ's discounting Plaintiff's allegations of physical limitations, those undisputed findings constitute a conflict in the record regarding the extent of Plaintiff's limitations. *See, e.g.*, *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution."). Thus, under the circumstances of this case, the Court declines to remand for a finding of disability and instead finds that a remand for further proceedings is appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -8

engage in some of those activities, and because some of the activities do not pertain to the limitations described by the psychologists, the Court finds that this line of reasoning is not a legitimate basis for discounting the opinions of Drs. Kenderine and Wingate. On remand, the ALJ shall reconsider those opinions and either credit them or provide legally sufficient reasons to discount them.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall reconsider Plaintiff's allegations of mental limitations, and the opinions of Drs. Kenderine and Wingate. The ALJ shall also reconsider any other parts of the decision as necessary, based on the updated medical record.

DATED this <u>6th</u> day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -9